The S. L. Sheldon Co. vs. Mayers.

The S. L. Sheldon Company, Appellant, vs. Mayers, Assignee, Respondent.

*February 26 — March 22, 1892.*

*(1) Conditional sales: Invalidity: Rights of vendee's assignee for benefit of creditors. (2) Equity: Setting aside contract void on its face.*

1. A contract for the sale of personal property, by the terms of which, the title was to remain in the vendor and the possession in the vendee until the purchase price was paid, was signed only by the vendee, and hence, under sec. 2317, R. S., was void as to third persons without notice. *Held*, that the condition of such contract was void as to the vendee's creditors and, under ch. 170, Laws of 1882, was void also as to his assignee for the benefit of creditors, and that as to them the title passed to the vendee.

2. In replevin by the vendor against the vendee's assignee for the benefit of creditors, the invalidity of the plaintiff's title appearing upon the face of the conditional contract upon which he founds it, the court will not interfere, upon a counterclaim, to set aside such contract or enjoin the assertion of title under it.

APPEAL from the Circuit Court for *Dane* County.

This was an action of replevin commenced in justice's court for the recovery from the defendant of one New Deal gang plow of the value of $25, and one Esterly binder of the value of $35, in which judgment was had for the

plaintiff, and the defendant appealed therefrom to the circuit court for Dane county. The defendant applied to the circuit court for and obtained leave to amend his answer and to set up a counterclaim.

The amended answer was by general denial to the complaint, except that the defendant admitted that at the time of the commencement of the action he was in the possession of the property named; and as a further and separate defense he alleged that the said New Deal plow was sold on the 5th day of April, 1890, by the plaintiff, to one Joseph Zehnter, and the possession thereof delivered to him; that to secure the payment of the purchase price thereof the said Zehnter then gave the plaintiff a certain contract in writing, by the terms of which Zehnter promised and agreed to pay the plaintiff, on or before October 1, 1890, for value received in one New Deal gang 24-inch plow, the sum of $60, with interest at the rate of ten per cent. per annum; that said contract further contained a clause to the effect that the express condition of the sale and purchase of said chattel is such that the title, ownership, and right of property does not pass from the said *S. L. Sheldon Company* until this note and interest is paid in full, and that said *S. L. Sheldon Company* has full power to declare this note due, and take possession of said chattel, at any time they may deem themselves insecure, even before the maturity of the note; that said contract was signed by said Joseph Zehnter, but not by the plaintiff or any other person; that it provided that the purchase price of said plow should be due and payable October 1, 1890; that September 19, 1891, Zehnter made an assignment for the benefit of his creditors, in due form of law, to the defendant, and that he accepted the trust, and has ever since been, and still is, such assignee, and that the said New Deal plow was found by the defendant among the assets and property of said Zehnter, and was by him delivered to the defendant as a part of his estate, and that

The S. L. Sheldon Co. vs. Mayers.

the defendant held the same at the time of the commence‡ ment of the action; that said plow was never demanded of the defendant until more than one year after said purchase money became due and payable by the terms of said contract. The answer also set up a statement of facts in relation to the Esterly binder, in substance and effect the same as in respect to the New Deal gang plow, except that there were two contracts in writing in respect thereto instead of one.

The defendant set up by way of counterclaim the same facts, in substance, alleged in the answer as a defense, and demanded judgment that the three contracts, namely, the one dated April 5, 1890, conveying the New Deal plow, and the two contracts of October 4, 1888, conveying the Esterly binder, be canceled, etc., and that the plaintiff be enjoined and restrained from claiming thereunder any ownership in the title to the property therein described, and for general relief.

The plaintiff demurred to the amended answer on the ground that it did not state facts sufficient to constitute a defense. He demurred to the counterclaim on the grounds: (1) Because the defendant had no legal capacity to maintain the same; (2) because it did not state facts sufficient to constitute a cause of action; (3) because the cause of action stated, if any, was not pleadable as a counterclaim. The circuit court made an order overruling the demurrer, and from that order the plaintiff appealed.

For the appellant there were briefs by *Morris & Morris,* and oral argument by *Charles M. Morris.*

For the respondent there was a brief by *Smith & Buell,* and oral argument by *R. B. Smith.*

PINNEY, J. The statute (sec. 2317, R. S.) provides that " no contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the pos-

session thereof in the vendee until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto and those having notice thereof, unless such contract shall be in writing, subscribed by the parties, and the same or a copy thereof shall be filed in the office of the clerk of the town, city, or village where the vendee resides," etc.  Under the contracts of conditional sale set forth in the answer, as between the plaintiff and Zehnter no title to the property in question passed to Zehnter,— *W. W. Kimball Co. v. Mellon*, 80 Wis. 133,— and the title of an assignee for the benefit of creditors at common law can be no greater nor better than that of his assignor,—*Hawks v. Pritzlaff*, 51 Wis. 160; *Estabrook v. Messersmith*, 18 Wis. 545.  The contracts of conditional sale not having been signed by both of the parties, they are not within the protection of the section of the statute above cited, and were valid only as between the parties to them, and void as against all other persons not having notice thereof.

If the defendant has any right to hold the property in question it must be because the statute has conferred on him a right, as representing Zehnter's creditors, to treat the condition annexed to the sale as void and the sale as absolute.  It certainly cannot be contended that these transactions, occurring and conducted according to the usual course of business, are fraudulent as against creditors or purchasers from Zehnter.  They are simply made *void* by the statute as against all others excepting the parties to them and persons having notice of them.  The condition contained in these contracts and claim of title thereunder are therefore absolutely void as against the creditors of Zehnter.  As to the creditors of Zehnter, the statute has the effect to avoid the conditions in the sales to Zehnter, and to make them absolute, so that they may seize and sell them on proper process against Zehnter, and a purchaser at such sale

will take a title perfect as against the plaintiff, the conditional vendor. *Williams v. Porter,* 41 Wis. 422; *Rawson Mfg. Co. v. Richards,* 69 Wis. 643; *Thomas v. Richards,* 69 Wis. 671. No action, therefore, is either appropriate or necessary for the purpose of setting aside the contracts, for it would wholly fail to give the creditors of the conditional vendee the remedy to which they are entitled. It is provided by ch. 170, Laws of 1882, that " in all cases of voluntary assignment for the benefit of creditors, made under the provisions of chapter 80 of the Revised Statutes, the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property which would be held to be fraudulent *or void* as to creditors." By force of the statute the assignee succeeding him in the possession of the property in question as such is possessed of and holds and represents the rights of creditors as fully and completely as the sheriff could on taking them under execution against Zehnter. The title asserted by the plaintiff is not fraudulent, it is simply *void* because the law condemns it. This is in conformity with *Batten v. Smith,* 62 Wis. 98, and *Backhaus v. Sleeper,* 66 Wis. 72. The statute in question gives the assignee the *status* and rights thus mentioned in two cases: (1) Where there has been a transfer or conveyance by the assignor that is fraudulent, in which case the assignee must sue in equity (*Kloeckner v. Bergstrom,* 67 Wis. 197; *Charles Baumbach Co. v. Miller,* 67 Wis. 449); (2) where the title relied on is simply *void* as to creditors, in which case they or their representative, the assignee, have a complete remedy at law. The appellant's counsel cites the case of *Wadleigh v. Buckingham,* 80 Wis. 230, as maintaining the proposition that the rights of an assignee for the benefit of creditors as they exist under the statutes now in force are no greater in respect to a case of conditional sale than they were at

The S. L. Sheldon Co. vs. Mayers.

common law.  COLE, C. J., in that case says: " If the contract was a conditional sale and delivery, and was properly recorded, there being no fraud in the transaction, the plaintiff was entitled to the possession of the lumber.  Certainly Vaughn. & Co. could not give to an assignee for the benefit of creditors title to property which they did not own."  The question involved in this case was not in the case of *Wadleigh v. Buckingham*, but the remark of the learned chief justice was correct as applied to the facts of that case.  The contract having been duly filed, of course the assignee took his rights subject to that instrument; but here it is quite different, for the contracts of conditional sale were not signed by both parties, and could not be filed with any effect.  For these reasons the answer of the defendant stated a good defense, and the plaintiff's demurrer to it was rightly overruled.

2. Inasmuch as the invalidity of the plaintiff's claim of title appears upon the face of the conditional contracts upon which it founds it, the contracts not having been signed by both parties, a court of equity will not, upon original complaint or counterclaim, interfere to set it aside or enjoin the assertion of it.  *Meloy v. Dougherty*, 16 Wis. 269; *Ferson v. Drew*, 19 Wis. 225; *Cornish v. Frees*, 74 Wis. 495.  The plaintiff's demurrer to the counterclaim was therefore well taken, and should have been sustained.

It follows, therefore, that the order appealed from must be affirmed so far as the demurrer to the answer is concerned, and reversed as to the counterclaim; and, inasmuch as there is but a single order in relation to both answer and counterclaim, and it is reversed in part and affirmed in part, no costs in this court will be allowed to either party.

*By the Court.*— Ordered accordingly, and that the case be remanded for further proceedings according to law.