Conrad vs. Kelley.

CONRAD, Respondent, vs. KELLEY, Assignee, Appellant.

*February 28 — March 20, 1900.*

*Replevin: Sale or consignment for sale? Court and jury.*

1. In replevin for goods which had been shipped by plaintiff to defendant's assignor, the question whether they had been sold to said assignor or merely consigned to him for sale as plaintiff's agent is *held*, on the evidence, to have been one for the jury.
2. The jury should not be required to determine a fact as to which there is no evidence whatever, except as an inference in respect thereto might be drawn, after the determination of the real issue, from the facts then found.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Reversed.*

Action of replevin to recover a quantity of cigars. The question at issue was whether a transaction between plaintiff and defendant's assignor, Carr, regarding some cigars, was a sale to the latter or a consignment of property to him to be sold on plaintiff's account.

The testimony of Macdonald, who did the business for plaintiff, omitting his conclusions, is in substance as follows: 'I said to Carr, I have some cigars I would like to call your attention to. He said he did not wish to buy. I said, I will ship the cigars and you can pay each time I come around for what you have sold. I said, I will send a memorandum from the house, of the goods, at such and such a figure, and you can turn over to me each time I come $33 per thousand for

Conrad vs. Kelley.

the amount sold. I will pay the freight if you do not realize enough to do so, and you may send the goods back any time if they do not sell well or are in the way, and I will take them back if they do not sell satisfactory to me. I do not want you to buy anything or to sell to you anything. I just ask you to display the goods and sell them for the house. They will belong to the house all the time. All you have to do is to give us our end of what is disposed of.'

Carr testified, regarding the conversation with Macdonald, in substance as follows: 'Macdonald said he wanted to sell me some cigars. I said, I do not want any. He said, If you will take twenty-five hundred I will make the terms $33 per thousand, payable every sixty days when I come around, for what you have sold. I said, You can ship them. He thanked me for the order and went out. Nothing was said by Macdonald about the goods belonging to plaintiff till sold or a bill or memorandum being sent, or my paying plaintiff his end and keeping mine, or that he did not want me to buy the cigars, that he wanted me to put them on sale at my store. He said, I will take the cigars back if you wish me to, if they do not sell satisfactory. I was to have the right to return them. I was not to pay for them if they did not sell. I assumed no obligation except to pay $33 per thousand for the cigars sold.'

The cigars were billed in manner following:

"St. Paul, Minn., Dec. 20, 1897.

" G. T. Carr, Menomonie, Wis.

　　Bought of W. S. Conrad,

　　Importers and Jobbers of Fine Cigars,

　　Terms:　　　　　341 Jackson St.

2,500 'Stag Party' Cigars, $33.　　　　　$82.50."

The court submitted to the jury to find whether the agreement was that the cigars should be paid for out of the money received for them when sold by Carr. The finding was in the affirmative. Upon the evidence and the fact so

found, the court decided that the transaction between Carr and plaintiff's agent was an agreement for a consignment of cigars to the former, to be sold on plaintiff's account; that no property interest in the cigars, conditional or otherwise, ever passed to Carr; and that plaintiff was entitled to judgment for the property in controversy,— the cigars in Carr's possession unsold at the time he made an assignment to the defendant for the benefit of creditors, and that were delivered to the defendant under such assignment. The defendant appealed.

For the appellant there was a brief by *E. B. & R. E. Bundy*, and oral argument by *R. E. Bundy*.

*J. R. Mathews*, for the respondent.

MARSHALL, J.   If the transaction between the plaintiff, through his agent Macdonald, and Carr was a sale conditional or otherwise, defendant, as assignee of the latter for the benefit of his creditors, was entitled to recover. *S. L. Sheldon Co. v. Mayers*, 81 Wis. 627. Otherwise, plaintiff was entitled to recover.

It is contended by appellant's counsel that there was no evidence tending to establish the proposition that the cigars were consigned to Carr to be sold on respondent's account as claimed by him, and that the cause should have been taken from the jury in his favor. The record does not bear out that view. The evidence of Macdonald tends strongly to show that Carr was the agent of plaintiff, not his vendee, while the evidence of Carr is reasonably susceptible of a contrary inference and is supported by the circumstance,— not conclusive it is true,— that the goods were billed to him as vendee. In that situation, certainly, the case, as to the facts in issue, should have been determined by the jury under proper instructions.

It is further contended by appellant's counsel that the court erred in submitting to the jury, as the only fact in

dispute, whether the understanding between the parties was that the cigars should be paid for out of the identical money received therefor by Carr. The assignment of error in that regard must be sustained. The evidence, as it seems, did not warrant the submission of that question as the turning point in the case. There was no evidence to warrant the conclusion reached by the jury, that there was an understanding that plaintiff should receive $33 per thousand for cigars sold by Carr out of the money received by him. Neither Carr nor Macdonald testified to any such agreement or understanding, and there was no fact or circumstance testified to from which such an understanding could be reasonably inferred, except the fact in issue as to whether the cigars were merely consigned to Carr for sale as plaintiff's agent. The controversy as to such fact, under proper instructions, should have been submitted to the jury.

A jury may determine the existence of evidentiary facts from evidence more or less directly establishing them, and follow the reasonable inferences from such facts to a conclusion as to the ultimate issue to be decided by them, but should not be required to determine a fact respecting which there is no evidence whatever, except what lies beyond the issuable facts and does not really exist at all so as to be taken note of in any rational process of reasoning, till such issues are determined.

If there had been some evidence directly bearing on the question of whether the cigars were to be paid for out of the money received for them by Carr, it would have been proper to have directed the jury to determine the truth in that regard, because if payments were to be so made that circumstance would point to the existence of a mere agency contract between plaintiff and Carr, though not necessarily conclusive. The difficulty, however, reached by the error assigned regarding the manner in which the case was submitted to the jury, is that there was no evidence bearing on

the question.  The real controverted question of fact, in respect to which there was evidence reasonably susceptible of a finding either way, was decided by the court as a question of law, and for that reason the judgment must be reversed and the cause remanded for a new trial.

*By the Court.*— So ordered.