## MISHAWAKA WOOLEN MFG. CO. v. SMITH.

(District Court, W. D. Wisconsin. February 8, 1908.)

1. BANKRUPTCY—CONDITIONAL SALES—TRANSFERS TO DEBTOR—STATUTES.

    Sanborn's Supp. St. Wis. 1906, § 1693c, provides that a voluntary assignee shall represent the rights and interests of creditors as against all transfers and conveyances of property, and all liens and charges thereon, which would be fraudulent or void as to creditors. Bankr. Act July 1, 1898, c. 541, §§ 70, 70e, 30 Stat. 565, 566 [U. S. Comp. St. 1901, pp. 3451, 3452],

vests title in the trustee to all property transferred in fraud of creditors, and gives the trustee the right to avoid such transfers; and sections 67a, 67b, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], apply to liens created by the debtor. *Held*, that neither the state statute nor such sections of the bankrupt act relates to property transferred to the debtor by a conditional sale reserving title until the property is paid for.

2. SAME—CONDITIONAL SALE CONTRACT—VALIDITY—FILING.

Rev. St. Wis. 1878, § 2317, provides that no contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid, shall be valid as against any other person than the parties thereto or those having notice thereof, unless the contract shall be in writing, subscribed by the parties, and the same or a copy thereof filed in the office of the clerk of the town, city, or village where the vendee resides; etc. *Held*, that such section did not invalidate an unfiled conditional contract of sale, as between the parties, so as to entitle the vendee's trustee in bankruptcy to any greater rights than those possessed by the vendee.

3. SALES—CONDITIONAL SALE—STATUTES—"PERSONAL PROPERTY."

The words "personal property" as used in Rev. St. Wis. 1878, § 2317, providing that no contract for the sale of personal property by the terms of which the title is to remain in the vendor and possession in the vendee until the purchase price is paid shall be valid against any other person than the parties, without filing, is not limited to property sold to be used and not resold.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1353.

For other definitions, see Words and Phrases, vol. 6, pp. 5346–5358; vol. 8, p. 7753.]

4. SAME—RESERVATION OF TITLE.

A contract for the sale of certain merchandise provided that the title should remain in the seller until the price was fully paid in cash, and if payment was not made when due, or if at any time before payment the buyer should become insolvent, or in the opinion of the seller be in danger of insolvency, or the seller in its judgment, for any reason, should deem itself in danger of losing the price of the goods, then the seller at its option might reclaim and take possession of so much of the goods as then remained in the hands of the buyer unsold, provided that such provision should not affect the liability of the buyer for the payment at the prices agreed for such goods as were not recovered, etc. *Held*, that such contract was a valid contract of conditional sale, so that the title did not pass to the buyer until payment of the price, as between the parties.

Buell & Lucas, for petitioner.
Emerson Ela and E. D. McGowan, for trustee.

SANBORN, District Judge. On the 3d day of February, 1906, petitioner sold to the bankrupt, by two contracts in writing, certain rubbers, socks, boots, etc. The contracts contained the following provision:

"The title and property in all the goods herein mentioned shall remain in the vendor until fully paid for in cash, and if payment for the same shall not be properly made when due or if, at any time before the same shall be fully paid for, the purchaser shall become insolvent, or shall in the opinion of the vendor be in danger of insolvency or the vendor in its judgment, shall for any reason, whatsoever, deem itself in danger of losing the price of the said goods, then the vendor may, at its option, reclaim and take possession of so much of the said goods as shall then remain in the hands of the purchaser unsold; provided, however, that this provision shall not in any wise affect the liability of the purchaser for the payment at the prices agreed upon for such goods as are not recovered by the vendor in the manner aforesaid. This provision shall be understood to apply also to all orders hereafter received by the vendor from the purchaser, whether expressed in such orders or not."

On December 24, 1906, petitioner commenced an action of replevin in the state court to recover from the bankrupt the possession of the goods covered by the two contracts, and recovered possession of the first lot of goods, the sheriff not having succeeded in finding the other lot. Afterwards the vendee was adjudged a bankrupt, and thereupon a petition was filed with the referee, praying for an order directing the trustee to deliver to the petitioner the goods described in lot No. 2, so sold and delivered on the conditional contract aforesaid. The matter came on to be heard before the referee, who decided that the title to the goods in question vested in the bankrupt as against his creditors represented by the trustee, and overruled a demurrer to the answer to the trustee to the petition. Thereupon the matter was brought up by a petition to review the order of the referee.

Under the rule of S. L. Sheldon Co. v. Mayers, 81 Wis. 627, 51 N. W. 1082, the conditioned sale in question here would be held as vesting title in a voluntary assignee of the debtor, such assignee being there held to represent all creditors. In that case, however, the court overlooked the fact that the statute enabling the assignee to sell vested no title in him, but only a right of action as to transfers and conveyances made by the debtor. In that case Zehnter, the debtor, as in this case, made no conveyance, but simply bought property by a conditional sale. It may also be noticed that the act of 1882 referred to by Judge Pinney in the Sheldon Case was repealed in 1898, and the re-enacting statute of 1901 (section 1693c, Sanborn's Supp. St. Wis. 1906), provides only that the voluntary assignee shall represent the rights and interests of creditors as against all transfers and conveyances of property and all liens and charges thereon which would be held fraudulent or void as to creditors. The language is limited to transfers made by the debtor, and liens created by him, and does not apply to transfers made to him, such as conditional sales where the title never reaches him, as in this case. This distinction is fully explained in Kloeckner v. Bergstrom, 67 Wis. 197, 30 N. W. 118, and Charles Baumbach Co. v. Miller, 67 Wis. 449, 30 N. W. 850, holding that the assignee takes no title to property fraudulently transferred, but merely the right to avoid such transfers.

The bankrupt act goes further than the state law, and vests title in the trustee to all property transferred in fraud of creditors, and gives him the right to avoid the transfer. Act July 1, 1898, c. 541, §§ 70, 70e, 30 Stat. 565, 566 [U. S. Comp. St. 1901, pp. 3451, 3452]. And sections 67a, 67b, apply only to liens created by the debtor. The provisions referred to, both of the state law and the bankruptcy act, relate only to property transferred by the debtor, or liens made by him. They have no application to property transferred to the debtor by a conditional sale reserving title until the property is paid for, as in this case.

I am entirely unable to distinguish this case from York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, 16 Am. Bankr. Rep. 633. That was the case of a conditional sale of a machine, under a contract that the title should not vest in the vendee until it was paid for. The contract was subject to the law of Ohio. In

that state a statute existed similar to that in Wisconsin, the two acts being as follows:

Ohio law:

"In all cases where personal property shall be sold to any person to be paid for in whole or in part in installments * * * on condition that the same shall belong to the person purchasing * * * the same whenever the amount paid shall be a certain sum * * * the title to the same to remain in the vendor * * * until such sum * * * shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers, and mortgagees in good faith, and creditors, unless such conditions shall be evidenced by writing, signed by the purchaser * * * and also a statement thereon under oath, made by the person so selling * * * and property * * * of the amount of the claim, or a true copy thereof, with an affidavit that the same is a copy, deposited with the clerk of the township where the person signing the instrument resided," etc.

Wisconsin law:

"No contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto and those having notice thereof unless such contract shall be in writing, subscribed by the parties, and the same or a copy thereof shall be filed in the office of the clerk of the town, city or village where the vendee resides."

The Supreme Court held that inasmuch as the contract was entirely valid as between the parties, without being filed as provided by the Ohio statute, and as the property had not, at the time of the adjudication, been seized on process by any creditor (as the facts are in this case), the trustee took the property with the same title possessed by the bankrupt, and that the vendor was entitled to an order directing the trustee to turn over the property.

I do not regard the decision in the Sheldon Case as so clearly settling the construction of section 2317, Rev. St. 1878, that this court is bound to follow it, in view of the clear terms of the statute itself, and the other Wisconsin cases holding that section 2317 vests no title to transferred property, but gives only a right of action.

The learned referee also expressed the view that a distinction exists between conditional sales of property intended to be consumed or sold, like that here in question, and property designed only for use. But the statute makes no such distinction. It provides that "no contract for the sale of personal property, by the terms of which the title is to remain in the vendor, and the possession thereof in the vendee until the purchase price is paid, shall be valid against any other person than the parties," without filing. The words "personal property" are of perfectly clear meaning, and cannot properly be construed to mean only property sold to be used and not resold.

The exception to the order of the referee is sustained. An order will be entered directing the trustee to turn over the property described in the petition.