Mueller, Respondent, v. Merz, Appellant.*

*March 31—April 28, 1964.*

* Motion for rehearing denied, without costs, on June 30, 1964.

For the appellant there was a brief and oral argument by *Henry L. Arnold* of Milwaukee.

For the respondent there was a brief by *Sherman E. Stock* of Milwaukee, attorney, and *Mark M. Camp* of Wauwatosa of counsel, and oral argument by *Mr. Camp.*

FAIRCHILD, J. The defendant contends that the trial court abused its discretion by allowing plaintiff to amend his complaint and by ordering a further amendment. Sec. 269.44, Stats., provides:

"The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

It is undisputed that $2,000 was transferred by the plaintiff to the defendant on June 27, 1959. The question at issue is the form of the consideration plaintiff received for this payment. Plaintiff originally contended that the money was paid to purchase a partnership interest in the Menomonee Falls Cab Company which defendant owned and operated as a sole proprietorship. The trial court found that this was not the case.

Defendant contends that the $2,000 sum constituted a partial payment on the total purchase price of his 40 shares of stock in the Intercity Transport Company. At one point in the trial defendant testified, however, that plaintiff purchased

10 shares from him on June 27th and that on October 1st plaintiff agreed to purchase the remainder of defendant's stock. The receipt given by defendant on June 27th, designated the payment as "for stock in taxi co." and indicated the total account was $2,000 and that no balance was due. The circuit court found that the $2,000 paid by plaintiff was for the purchase of 10 shares.

Clearly the additional cause of action alleged in the amended complaint arose out of the same transaction or occurrence upon which the original complaint was based, and was connected with the subject of the action of the original complaint, *i.e.,* the $2,000 payment. Defendant cannot be said to have been surprised by the finding that the $2,000 constituted a payment for stock in the Intercity Transport Company as he alleged as much in his answer by way of affirmative defense and so testified. The circuit court did not abuse its discretion in allowing the plaintiff to amend its complaint and in ordering a further amendment.

The circuit court found that defendant breached his contract by failing to transfer the stock certificates to plaintiff. Defendant contends that under the circumstances the failure to transfer is immaterial. We need not reach this question however, as it is clear that an effective delivery could not have been made as the bylaws were never properly amended to meet the contingency agreed on.

Defendant testified that notices of the September 1st meeting were not mailed to the other stockholders until two days prior to the date set, and that the notices did not state the purpose of the meeting. Some of the stockholders did not attend. Sec. 180.24, Stats., provides:

"Written notice stating the place, day and hour of the meeting and in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than 10 nor more than 50 days before the date of the meeting (unless a different time shall be provided by this chapter, the articles of incorporation or the by-laws), either

personally or by mail, by or at the direction of the president, the secretary, or other officer or person calling the meeting, to each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail addressed to the shareholder at his address as it appears on the stock record books or similar records of the corporation, with postage thereon prepaid."

The statutory time for delivery of notices of stockholders' meetings may be varied by the bylaws or articles of incorporation. But the requirement that the notices of a special meeting state the purposes for which the meeting is called may not be varied. Since the notices failed to conform to the requirement and notice was not waived in any manner, the action taken at the meeting could not effectuate a change in the bylaws. Judgment was properly granted.

*By the Court.*—Judgment affirmed.

The following opinion was filed June 30, 1964:

PER CURIAM (*on motion for rehearing*). Upon rehearing, we have considered the propriety of a third person's raising the question of the legal sufficiency of the notice of a special stockholders' meeting under sec. 180.24, Stats.

The broad principle of corporation law involved is that defects as to notice of a stockholders' meeting may not be taken advantage of except by the corporation itself or its shareholders. This is a principle that may be extracted from *Perfex Radiator Co. v. Goetz* (1923), 179 Wis. 338, 191 N. W. 755, and *Lutheran T. Congregation v. St. Paul's English E. L. Congregation* (1914), 159 Wis. 56, 150 N. W. 190. See *Brown Deer v. Milwaukee* (1962), 16 Wis. (2d) 206, 222, 114 N. W. (2d) 493 (dissent). 5 Fletcher, Cyc. Corp. (perm. ed., 1952 rev.), p. 117, sec. 2024; Anno. Informality of meeting of stockholders as affecting action taken thereat, 51 A. L. R. 941, 962.

The plaintiff here is a third person within the meaning of the above-stated principle. However, under the peculiar circumstances of the instant case, we believe that an exception should be recognized and that the plaintiff should be permitted to raise the defect, since the contract between the plaintiff and the defendant provided that the sale of stock would be valid only if the bylaws of the corporation were amended to sanction the sale. The proper amendment of the bylaws was therefore of the very essence of the contract between the plaintiff and the defendant. Since notice of the special meeting of the shareholders at which the bylaws were to be amended was defective, this casts doubt on the propriety of the purported amendment of the bylaws. Thus, it follows that a condition of the contract was broken, and the plaintiff is entitled to recover his $2,000 paid under the terms of the contract.

The motion for rehearing is denied, without costs.