.The Rawson Mfg. Co. vs. Richards.

THE RAWSON MANUFACTURING COMPANY, Appellant, vs. RICH-
ARDS, Respondent.

*October 17 — November 1, 1887.*

*Attachment: Conditional sale: Evidence: Pleading.*

1. A written contract, whereby manufacturers agree to furnish their machines to a dealer, to be sold by him on commission, he to pay for them partly in cash and partly in purchasers' notes, which he is to indorse and make good, "the title and right of ownership" not to pass from the vendor "until this account is paid in full," shows a conditional sale; and under sec. 2713, R. S., such sale is void as against attaching creditors of the vendee who have no actual notice thereof, unless the same or a copy thereof is filed in the clerk's office of the town, city or village where the vendee resides.

2. It will be conclusively presumed in favor of attaching creditors, that machines in the possession of a dealer at the time their attachments are levied thereon, belong to him, if the contract of conditional sale under which he holds the same is not filed in the proper city, town or village clerk's office, and they have no actual notice thereof.

3. A complaint which alleges that the defendant converted to his own use certain money and notes received by him as agent for the plaintiff, and has refused to settle therefor, and demands judgment for the amount, but nowhere alleges that such conversion was wrongful, unlawful or fraudulent, is one upon contract and not in tort; and the suit is one in which an attachment may issue.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The defendant was, during the times herein mentioned, sheriff of Grant county. August 26, 1886, there was placed in his hands, as such sheriff, a summons, complaint, and attachment papers, in an action wherein the Milwaukee Harvester Company was plaintiff, and one Thomas L. Lomas, of Fennimore, Grant county, was defendant, with direction to serve and execute the same, and which he did then and there

so serve and execute.   In doing so he attached a large number of agricultural implements as the property of said Lomas.   The complaint in said attachment suit alleged, in effect, the incorporation of the Milwaukee Harvester Company, aforesaid; a contract between it and Lomas, under which it furnished Lomas certain agricultural implements and extras, described, at prices named, during the summer of 1886, to the amount of $4,310.95, to be sold by him for it, and all the moneys and notes received therefor, thereupon to be remitted and turned over to it; that Lomas had sold all of such machines and extras, and received therefor cash and notes; that Lomas had not paid the Milwaukee Harvester Company for any portion of said machines or extras; that he had failed and neglected to account to it for any of the cash or notes so received by him, and had converted all of said property to his own use; that there was due and owing from him to it, therefor, the sum of $4,310.95; that he had refused to settle or turn over to it said cash or notes, after being duly demanded.   Among the machines so attached by the defendant herein, as such sheriff, were three Rawson reapers and four Rawson mowers, which Lomas had previously received from the plaintiff herein.   September 6, 1886, the plaintiff herein demanded of said sheriff said seven Rawson machines, which he refused to deliver, and thereupon the Rawson Manufacturing Company brought this action against said sheriff to recover $485, as the value of said seven machines.   The said sheriff justified under said attachment.   At the close of the trial the jury returned a verdict for the defendant herein, and from the judgment entered thereon the plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of *C. M. Bice*, and for the respondent on a brief signed by *Orr & Lowry, John D. Wilson*, and *Carter & Cleary*.

For the appellant it was contended that the attachment under which the defendant attempts to justify was unauthorized and void, it being issued in an action which, as set

forth in the complaint, was for a tort. *Elliott v. Jackson,* 3 Wis. 654. No statutory grounds for an attachment in a case of tort are set out in the affidavit. Sec. 2731, R. S. Though a tort may be waived and suit be brought in assumpsit, yet it does not follow that an attachment may be issued in a case *sounding in tort.* The contract between the plaintiff and Lomas was, not to *sell* machines to the latter, but to *furnish* for him to sell as agent, and therefore it need not be filed. It was not a conditional sale, as defined in the statute. The possession of the property was not to remain in the vendee, but he had power to sell and convey good title.

For the respondent it was argued that the action against Lomas, in which the attachment issued, was upon contract, for the recovery of the agreed price of the machines. The allegation that the defendant had converted the property to his own use did not make it one in tort. *Williams v. Brunson,* 41 Wis. 418. It does not charge that he either embezzled, or unlawfully or fraudulently misapplied, the proceeds. *Ring v. Odgen,* 45 Wis. 305. The summons shows the action to be upon contract. *Supervisors of Kewaunee Co. v. Decker,* 30 Wis. 624; *Samuels v. Blanchard,* 25 id. 329; 1 Wait's Actions & Defenses, 405–6; 4 id. 475–6.

CASSODAY, J. It is urged that the complaint in the attachment suit "alleges a cause of action *ex delicto*," and hence that the attachment was improvidently granted, and no justification in the hands of the sheriff. The substance of the complaint is stated above. It is to the effect that Lomas converted to his own use the moneys and notes he received as agent. There is no allegation that such conversion was wrongful, unlawful, or fraudulent. The evidence in that case probably tended to prove that such conversion was tortious. But in such cases it is always competent to waive the tort, and sue on the contract. *Walker v. Duncan,* 68

Wis. 624. This is just what was done. The contract be-
tween the plaintiff herein and Lomas was in writing, dated
December 10, 1885, and is to the effect that the plaintiff
agreed to furnish to Lomas, on the conditions therein men-
tioned, the machines therein described, at the respective
prices therein mentioned, "net," payable by cash or good
indorsed notes, taken of farmers, to be indorsed by Lomas,
or to contain a true property statement, showing each pur-
chaser to be worth $1,000 over and above all liabilities and
exemptions; and in case any of such notes proved to be un-
collectible, Lomas therein agreed to make them good to the
plaintiff, and to settle for all machines ordered by Novem-
ber 1, 1886, and to pay for all repairs sold, in cash, at
such time of settlement. Said machines were to be deliv-
ered by the plaintiff on the cars at Milwaukee, and Lomas
was to pay all freight and charges on the same. The ma-
chines were to be sold in Grant county only. A discount
was to be allowed by the plaintiff on all cash paid by Octo-
ber 1st; and if the whole account was then paid in cash, ten
per cent. discount was to be allowed. Lomas therein agreed
to settle for all machines, drawing notes to the order of the
plaintiff, and on their blanks, and to sell as per plaintiff's
printed warranty, so that the test would be a matter of fact,
not of choice. The plaintiff therein agreed to furnish all
posters, circulars, and pamphlets free of charge, save the
transportation on the same, and Lomas was to distribute the
same. No deductions or promises were to be allowed save
those mentioned in that contract; and the plaintiff was not
to be held liable — in case of fire, or should the demand ex-
ceed the production — in case it could not fill orders sent it.
The contract also contained this clause: "Any machines,
extras, or notes, taken for machines on hand, are such that
the title and right of ownership do not pass from the
.  .  . [plaintiff] until this account is paid in full." The
plaintiff also therein reserved "the right to revoke" the

contract at any time it deemed itself insecure, and take possession of said machines and extras.

The court charged the jury, in effect, that whatever machinery Lomas had received from the plaintiff under the contract, and not paid for at the time of the attachment, was, as between it and Lomas, the property of the plaintiff; that the proof showed that the contract was not filed before the attachment, as required by sec. 2317, R. S. That section provides that "no contract for the sale of personal property, by the terms of which the title is to remain in the vendor, and the possession thereof in the vendee, until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto *and those having notice thereof*, unless such contract shall be in writing, subscribed by the parties, and the same or a copy thereof shall be filed in the office of the clerk of the town, city, or village where the vendee resides," etc. Exception is taken because the court, in effect, submitted to the jury the question whether, at the time of levying the attachment, the defendant knew of, or had reasonable cause to believe in, the existence of such contract, or that Lomas was not at the time the owner of such machines. The court also charged, in effect, that, in making the attachment, the sheriff acted, in a sense, as the agent of the Milwaukee Harvester Company, and any notice the company, or its authorized agent in the matter of said suit, might have had at the time of the attachment, would be notice that would bind the defendant as such sheriff. There can be no question but what the charge was sufficiently favorable to the plaintiff, if the contract was "for the sale of personal property" upon the condition named in the section, and we are clearly of the opinion that it was.

The contract being of the nature indicated, and not having been filed as required by the statute, the title to the seven Rawson machines mentioned must be conclusively

presumed to have been in the vendee, Lomas, who was still in possession at the time of the levy of the attachment thereon in favor of his creditors, having no such notice as is mentioned in the section. *Kimball v. Post*, 44 Wis. 476. The evidence sustains the verdict of the jury, and the verdict conclusively negatives the existence of any such notice.

*By the Court.*— The judgment of the circuit court is affirmed.