WOLF COMPANY, Respondent, vs. KUTCH, imp., Appellant.

*October 7—October 24, 1911.*

*Pleading: Implied admissions: Foreign corporations: License to do business: Interstate commerce: Appeal: Findings of fact, when presumed: Conditional sales: Breach: Replevin: Fixtures: Notice: Corporations.*

1. When in a pleading a fact is admitted by clear and necessary implication from other facts expressly stated, the admission is as effective as if specifically made and will not be overcome by a mere general denial.

2. Thus, an admission in a pleading by a foreign corporation that it has not obtained from the secretary of state a license to do business in Wisconsin is in effect an admission that it has not complied with sec. 1770*b*, Stats. (1898), so as to entitle it to such license,—the presumption being that the secretary of state has performed his duty to issue a license to a corporation entitled thereto.

3. Facts incidentally shown in an action involving a sale of machinery by a foreign to a domestic corporation, such as that the contract was not to be effective until approved by the vendor "at its main office, Chambersburg, Pa.," that the machinery was to be delivered f. o. b. cars "at Chambersburg, Pa., or at factory where made," that the freight was to be equalized "with Milwaukee rate," and that the vendee paid over $300 freight on the machinery, are *held* sufficient, in the absence of any showing to the contrary, to warrant the inference that the machinery was shipped from Pennsylvania or some other foreign state, and hence that the transaction involved interstate commerce.

4. An agreement by the vendor to furnish a millwright to assist the vendee in putting the machinery in place was a mere incident to the contract and did not deprive it of its interstate character.

5. Where the evidence would have warranted the trial court in finding a certain fact, it will be presumed in support of the judgment, under sec. 2858*m*, Stats. (Laws of 1907, ch. 346), that such a finding was made.

6. Under a contract for the sale of machinery, reserving title and right of possession in the vendor until full payment, the vendor has the right, upon a breach by the vendee, to demand possession and, upon refusal, to replevy the property.

7. Where machinery had been placed on the different floors of a flouring mill and some of the openings in the floors through

which it was lifted had been boarded up, but most of the machinery had not been set up and the contract under which it was sold reserved title and right of possession in the vendor, in effect providing that the machinery should be treated as personal property, it remained personalty as between the parties to the sale.

8. Where in such case the·vendee corporation, after the machinery had been placed, transferred the mill to one who was the sole stockholder and sole acting officer of the corporation and who, on its behalf, had made the contract for the purchase of the machinery, he, too, was bound by the terms of the contract in so far that as to him the machinery remained personalty.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff and the Crivitz Flouring Mill Company entered into a contract whereby the former agreed to sell to the latter certain flouring mill machinery. There were but two stockholders, both nominal, in the corporation aside from the defendant *Kutch*. These stockholders were apparently elected as officers, but refused to serve, and asserted as a matter of fact that they were not stockholders. All of the business for and in behalf of the corporation was transacted by *Kutch,* including the making of the contract for the purchase of the machinery involved in this suit. Shortly after the machinery was delivered, *Kutch* caused the real estate on which the flouring mill was erected to be conveyed by the corporation to him. The written contract of October 16, 1909, under which the machinery was sold, provided, among other things, that after said machinery was delivered notes were to be given by defendant for deferred payments, secured by first mortgage on defendant's mill property. The contract further provided that "the title and right of possession of and to said machinery and material shall ever be and remain in the first party [plaintiff] until said machinery and material shall have been fully paid for in money." The contract also contained the provision that "the first party [plaintiff] shall have for itself and its servants the right of access to any and every part of

said premises, for the purpose of carrying out the provisions
of this agreement or of enforcing the first party's rights
thereunder." The complaint alleged that ever since Decem-
ber 1, 1909, the plaintiff had been and now is the owner and
is lawfully entitled to the possession of said machinery, and
that on February 11, 1910, the defendants wrongfully took
and have since retained possession thereof. *Kutch* alone de-
fended, and in his answer to the complaint alleged that the
machinery had become fixtures in the mill of the defendant,
and when taken by the writ of replevin in this action was a
part of defendant's mill property. Said defendant also coun-
terclaimed for damages.

It appeared from the testimony that after the machinery
was delivered plaintiff discovered that the property was in-
cumbered, and with knowledge of this sent its attorneys to
adjust matters in accordance with the written contract. The
jury found on sufficient evidence that on January 15, 1910,
an oral agreement was entered into between the defendant
corporation and the plaintiff to the effect that if defendant
did not within four or five days give plaintiff a first mortgage
on the mill property to secure the balance of the purchase
price of the machinery in question, or pay the full purchase
price, plaintiff should take the property. The trial court
held that the oral agreement was void under sec. 1770*b*, Stats.
(1898), and awarded judgment to the plaintiff on the ground
that under the terms of the written contract plaintiff had a
right to the possession of the property and to enter upon the
premises of the mill company and take possession, and that it
was to remain personal property with the right in the plaintiff
to remove it from the building if annexed before the purchase
price was paid. From such judgment defendant appeals.

*L. M. Evert,* for the appellant, to the point that plaintiff
had violated sec. 1770*b*, Stats. (1898), cited *Boulden v. Estey
O. Co.* 92 Ala. 182, 9 South. 283 ; *Southwestern S. Co. v.
Stephens,* 139 Wis. 616, 120 N. W. 408 ; *Ady v. Barnett,* 142

Wis. 18, 124 N. W. 1061; *Chickering-Chase Bros. Co. v. White,* 127 Wis. 83, 106 N. W. 797; *St. Louis E. M. F. Co. v. Beilharz* (Tex. Civ. App.) 88 S. W. 512; *Presbyterian M. Fund v. Thomas,* 126 Wis. 281, 105 N. W. 801; *Duluth M. Co. v. Clancy,* 139 Wis. 189, 120 N. W. 854; *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; and other cases.

For the respondent there was a brief by *W. B. Quinlan,* attorney, and *James H. McGillan,* of counsel, and oral argument by *Mr. McGillan.*

BARNES, J. The complaint alleged that the plaintiff was a foreign corporation. The answer admitted this allegation and set forth that plaintiff had not complied with the provisions of sec. 1770b, Stats. (1898). The defendant designates its pleading an "answer and counterclaim," without undertaking to separate the defensive portion of it from that upon which affirmative relief is asked. The reply again alleged that the plaintiff was a foreign corporation and admitted that it had not "obtained from the secretary of state a license to do business in the state of Wisconsin." It contained a general denial of matters not admitted. No proof was offered to show whether or not the plaintiff had complied with the provisions of sec. 1770b on its part. On its face the admission of the reply is only to the effect that the secretary of state has not issued the license provided for by sec. 1770c, Stats. (1898). It is not an express admission that plaintiff had not done the necessary acts to entitle it to a license. Sec. 1770d, Stats. (1898), makes it unlawful for a foreign corporation to transact business in the state until it has actually procured a license, but does not provide any penalty for violation of the statute. The penalty in sec. 1770b is fixed for the failure of the corporation to perform the affirmative acts required by that section as a prerequisite to the issuance of the license.

The admission of the reply goes further than the plaintiff

is willing to admit. Pleadings should be liberally construed. An answer alleging that a foreign corporation had transacted business in this state without having procured a license would, we think, enable the defendant to prove that such corporation had not taken the necessary steps to entitle it to a license. It is the duty of the secretary of state to issue a license to a corporation entitled thereto. The presumption is that such officer will perform such duty. An admission that the license has not been issued impliedly admits that it has not been earned, and when a fact is admitted by clear and necessary implication from other facts expressly stated in the pleading the admission so made is as effective as though it were specifically made and will not be overcome by a mere general denial. *Miller v. Larson,* 17 Wis. 624; *Malick v. Kellogg,* 118 Wis. 405, 408, 95 N. W. 372. We conclude that the reply not only admits that plaintiff had not procured a license to do business in Wisconsin, but also that it had not done the acts necessary to entitle it to a license.

If the machinery sold was manufactured in this state or was kept here for the purpose of sale, the contract was void and there can be no recovery. *Duluth M. Co. v. Clancy,* 139 Wis. 189, 120 N. W. 854.

Very little in the way of evidence was offered on the trial to show that the contract of sale involved in the action covered a transaction of interstate commerce. This fact, vital to the plaintiff's cause of action, would seem to have been assumed rather than proved. Some facts were incidentally shown which we think would warrant the court in finding that the transaction did involve interstate commerce, and, if so, we must presume a finding to that effect in support of the judgment. Sec. 2858*m,* Stats. (Laws of 1907, ch. 346). The machinery was to be delivered f. o. b. cars "at Chambersburg, Pa., or at factory where made." The freight was to be equalized "with Milwaukee rate." The contract was not to be effective until approved by the vendor "at its main

office, Chambersburg, Pa." The contract required the vendor to furnish machinery for a fifty-barrel flour mill, and the defendant *Kutch* testified that he paid over $300 freight on the machinery shipped under the contract. None of these facts are very significant taken alone, and all of them combined are not very persuasive. We think they are sufficient, in the absence of any showing to the contrary, to warrant the inference that the machinery was shipped from Pennsylvania or some other foreign state. If so, the transaction involved interstate commerce. *Ady v. Barnett,* 142 Wis. 18, 124 N. W. 1061.

Under the contract there was a conditional sale of the machinery, good as to all the world if properly recorded, and good between the parties and as to all persons having notice thereof whether recorded or not. Sec. 2317, Stats. (1898); *Hunter v. Warner,* 1 Wis. 141; *Rawson Mfg. Co. v. Richards,* 69 Wis. 643, 35 N. W. 40; *Mershon v. Moors,* 76 Wis. 502, 512, 45 N. W. 95; *S. L. Sheldon Co. v. Mayers,* 81 Wis. 627, 51 N. W. 1082. The vendee breached the contract of sale by neglecting and refusing to give the notes and mortgage provided for and by incumbering the mill property with a $700 mortgage. The plaintiff had the right under these circumstances by virtue of its contract to demand possession of the property, and, possession being refused, to replevy it. *Wadleigh v. Buckingham,* 80 Wis. 230, 49 N. W. 745. Sec. 2317, Stats. (1898), places contracts of conditional sales on the same footing as chattel mortgages. *Williams v. Porter,* 41 Wis. 422. Under a clause in a chattel mortgage authorizing the mortgagee to take possession at any time he shall deem himself insecure, he may demand possession immediately, and if it is refused bring replevin for the property. *Gage v. Wayland,* 67 Wis. 566, 31 N. W. 108, and cases cited; *Aultman Co. v. McDonough,* 110 Wis. 263 (85 N. W. 980), and cases cited on page 268.

The fact that plaintiff agreed to furnish a millwright to

assist the vendee in putting the machinery in place was a mere incident to the contract and did not deprive it of its interstate character. *F. A. Patrick Co. v. Deschamp,* 145 Wis. 224, 129 N. W. 1096.

Under the contract between the parties we entertain no doubt that the articles of machinery had not become fixtures when the action was commenced. The machinery had been placed on the different floors in the mill and some of the openings in the floors through which it was elevated had been boarded up, but most of the machinery had not been set up. The parties in substance and effect contract d that the machinery sold should be treated as personal property, and as between them it remained personal property. *Smith v. Waggoner,* 50 Wis. 155, 6 N. W. 568; *Fitzgerald v. Anderson,* 81 Wis. 341, 51 N. W. 554; *Walker v. Grand Rapids F. M. Co.* 70 Wis. 92, 35 N. W. 332; *Keefe v. Furlong,* 96 Wis. 219, 70 N. W. 1110; *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698. The defendant *Kutch* was apparently the sole stockholder and the sole acting officer of the corporation and conducted all negotiations and signed the contract in its behalf, and is bound by the terms of the contract in this regard. *Walker v. Grand Rapids F. M. Co., supra; Brothers v. Bank of Kaukauna,* 84 Wis. 381, 54 N. W. 786; *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 240, 119 N. W. 568, 121 N. W. 124. Nothing is said in *Fuller-Warren Co. v. Harter, supra,* which overrules what is said in the other cases on the effect of notice.

The foregoing disposes of all the substantial contentions made by the appellant. The plaintiff having the right to maintain its action of replevin under the original contract, it is immaterial whether the subsequent contract found by the jury was valid or not. If valid, the plaintiff was entitled to recover thereunder; if void, it did not affect the original contract.

*By the Court.*—Judgment affirmed.