SPROUT, WALDRON & COMPANY, Appellant, vs. AMERY MERCANTILE COMPANY, Respondent.

*January 11—February 1, 1916.*

*Unlicensed foreign corporations: Validity of contracts: Interstate commerce: Sale of property located in the state.*

1. Where a foreign corporation sold to a Wisconsin corporation an attrition mill which was located and had been used in this state and also another mill which was to be shipped into the state, and the price of the former had been agreed upon, although the written contract of sale stated only the gross price for the two, the sale of the mill then in the state was not an interstate commerce transaction, nor was it a necessary incident to the carrying on of such commerce.
2. The vendor corporation not having been licensed to do business in Wisconsin, the contract of sale was void under sec. 1770b, Stats., in so far as it related to the mill then within the state.

APPEAL from a judgment of the circuit court for Polk county: W. B. QUINLAN, Judge. *Affirmed.*

The plaintiff is a foreign corporation engaged in manufacturing machinery in the state of Pennsylvania and is not licensed to do business in Wisconsin. Through its agents it sold machinery in this state from time to time, such agents

taking orders which were filled from the factory located at
Muncy.    In 1913 it sold, through one of its agents, to Boulay
Brothers of Fond du Lac, an attrition mill manufactured by
it.     Under the contract of sale title was reserved in the
plaintiff because the purchase price had not been fully paid.
On June 12, 1913, the purchasers began to operate the mill.
It was not satisfactory to them, probably because the motor
furnished was unable to develop sufficient power to properly
operate the machine.    The purchasers refused to pay the
purchase price, and thereupon a new agreement was made
whereby the plaintiff agreed to ship a larger mill to take the
place of the one then in use, in consideration of the return
of the old mill and the payment of $125 additional to the
price at which the old mill was sold.    It was further agreed
between the parties that until such time as the new mill was
furnished and could be put in operation Boulay Brothers
were to have the right to use the machine which had been in-
stalled.    Under this arrangement the mill first shipped was
used until about October 28th, when the new mill was in-
stalled and the old one was set aside.    During the month of
December, 1913, an agent of the plaintiff called on the de-
fendant, a Wisconsin corporation, at Amery, Wisconsin, and
entered into a contract with the defendant for the purchase
and sale of two mills, one of them being the mill at Fond du
Lac, and the other to be shipped from the factory in Penn-
sylvania.    The contract stated the gross price to be paid for
the two mills, but did not specify the amount agreed upon for
each one of the mills.    It was also agreed that some extras
were to be furnished both for the Fond du Lac mill and the
one to be shipped from the factory.    It was shown in the tes-
timony without dispute that the agreed price of the mill at
Fond du Lac was $725.    Both mills were delivered accord-
ing to contract, and defendant refused to pay the agreed
price, claiming that the condition of the mill at Fond du Lac
was misrepresented by the agent.    The issues raised by the
pleadings were submitted to a jury, which returned a verdict

in favor of the plaintiff for $362.50 on account of the Fond du Lac mill. The court set aside this verdict and ordered the complaint dismissed on the ground that, plaintiff being a foreign corporation not authorized to do business in the state, the contract was void and no recovery could be had thereon. From this judgment plaintiff appeals.

For the appellant the cause was submitted on the brief of *J. W. Soderberg.*

For the respondent there was a brief by *W. N. Fuller,* attorney, and *W. T. Kennedy,* of counsel, and oral argument by *Mr. Fuller.*

BARNES, J. In this case it is held:

1. That the sale of the mill at Fond du Lac was not an interstate commerce transaction, nor was it a necessary incident to the carrying on of such commerce.

2. That the contract, in so far as it involved such mill, was a contract relating to property within the state and was void under sec. 1770*b*, Stats.

*By the Court.*—Judgment affirmed.