REGINA COMPANY, Appellant, vs. TOYNBEE, Respondent.

*May 24—June 13, 1916.*

*Interstate commerce: Conditional sale: Filing of contract: Resale before payment of price: Foreign corporations: Validity of contracts: Taking security for interstate commerce debt.*

1. A piano brought into Wisconsin under a conditional bill of sale, the title being retained by a foreign corporation, remained an article of interstate commerce while unpaid for in the possession of the original buyer.
2. Where the conditional bill of sale was duly filed, a sale of the piano by the original buyer to a person having no actual knowledge of the conditional sale, and its removal to another place, did not alter the status of the piano as an article of interstate commerce or affect the rights of the foreign corporation, the original seller.
3. Where, in such case, the foreign corporation, still retaining title to the piano, took a note of the second buyer for the amount remaining unpaid, the transaction being in form a conditional sale reserving title in the corporation until the note was paid, this amounted merely to the taking of additional security and holding the piano as an article of interstate commerce until the debt was paid,—which the corporation might do without having complied with sec. 1770*b*, Stats.

SIEBECKER and VINJE, JJ., dissent.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Reversed.*

This action was brought to recover on a promissory note. The defense was that plaintiff was a foreign corporation not licensed to do business in this state and that the transaction was not interstate commerce, hence there could be no recovery. The court so held and dismissed the action, from which this appeal was taken.

No bill of exceptions was settled. The case is here on the findings, which are as follows:

That the plaintiff is a New Jersey corporation, not licensed to do business in this state, not having complied with sec. 1770b of the Wisconsin Statutes; that on or about July 17, 1912, plaintiff shipped an electric piano from Chicago, Illinois, to one Procknow, at Marshfield, Wisconsin, under conditional sale, reserving title in itself; that Procknow had and used, under his conditional purchase, the piano in his saloon at Marshfield until about November 1, 1912, when he, being still a resident of Marshfield, sold the piano to the defendant, Toynbee, at Park Falls, Wisconsin, his contract of sale with plaintiff being on file with the city clerk at Marshfield; that at the time of said sale by Procknow there was a balance due plaintiff from him upon the purchase price thereof; that the piano was delivered to defendant by Procknow pursuant to the attempted sale by Procknow at Park Falls, Wisconsin, and the defendant used the same in his saloon at that place until and after the note here sued upon was executed; that defendant purchased the piano from Procknow without actual knowledge of the conditional sale of the piano to Procknow by plaintiff; that on or about January 23, 1913, Procknow being in default on payments, an agent of the plaintiff traced the piano to the possession of defendant at Park Falls, Wisconsin, and informed the defendant of the nature of Procknow's purchase from plaintiff and of Procknow's delinquency in payments to the extent of $180.25 and made demand on the defendant for the possession of the piano or the balance due upon the purchase price, whereupon the defend-

ant agreed to pay $180.25, that being the amount due from
Procknow to plaintiff, and plaintiff agreed to relinquish to
the defendant its title to the piano, and in accordance there-
with the note here sued upon for the sum of $180.25 was ex-
ecuted and made payable at Park Falls, and delivered to the
plaintiff's agent there, the transaction being in form a con-
ditional sale under a written instrument signed by the de-
fendant, wherein title to the instrument was still reserved in
the plaintiff until the note was paid; that it was also provided
in said instrument that it should not take effect and be valid
until accepted by plaintiff; that said contract was forwarded
to the office of plaintiff in New Jersey and by it accepted;
that no part of said note has been paid, the piano remaining
in the possession of the defendant; that said Procknow did
not consent to the conditional sale by plaintiff of its interest
in the piano to defendant nor did plaintiff release Procknow
from liability under his said contract with it.

The court concluded that the transaction transferring by
plaintiff to defendant its interest in the piano and the taking
of the note in question did not constitute an act of interstate
commerce, but was an effort by plaintiff to sell an interest
in its property, which had at the time of the sale become part
of the mass of property in the state, and was therefore void;
that defendant is entitled to judgment dismissing plaintiff's
complaint.

The cause was submitted for the appellant on the brief of
*Barry & Barry,* and for the respondent on that of *Holland &
Lovett.*

KERWIN, J.   Counsel for appellant insists that, upon the
findings made and the undisputed facts, plaintiff is entitled
to reversal on the ground that the transaction between plaint-
iff and defendant in taking security for the debt in question
amounted to interstate commerce.

The piano in question was brought into Wisconsin under a

conditional bill of sale, the title remaining in the foreign corporation, and was an article of interstate commerce all the time that it remained unpaid for in the hands of the original purchaser, Procknow.  *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 129 N. W. 1096; *S. F. Bowser & Co. v. Schwartz,* 152 Wis. 408, 140 N. W. 51; *St. Louis C. P. Co. v. Christopher,* 152 Wis. 603, 140 N. W. 351.

The conditional bill of sale was filed with the city clerk at Marshfield, which was Procknow's place of business and residence and the proper place of filing under sec. 2317, Stats. The transfer of the piano by Procknow to the defendant and its removal to Park Falls did not prejudice the plaintiff's rights.  *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663.    The appellant had a right to follow its property to Park Falls and collect the balance due thereon under the conditional sale. The transaction which occurred between plaintiff and defendant merely involved the collection of the plaintiff's claim upon the property secured to it by the conditional sale.    The transaction by which plaintiff assented to the transfer and the taking of additional security by way of conditional agreement, whereby the title was still to remain in plaintiff, amounted to a taking of security and holding the property as an article of interstate commerce until the debt was paid. *F. A. Patrick & Co. v. Deschamp, supra.·*  As said in the *Palrick & Co. Case:* "So long as it appears that the security is taken for the *bona fide* purpose of securing and collecting an interstate commerce debt and is being enforced by ordinary and lawful methods for that purpose alone, the statute referred to can have no application."

In the case at bar the title to the instrument never passed to any one in this state, and the piano always retained its status as an article of interstate commerce.    Under such circumstances a foreign corporation, without compliance with the statute, may take security in this state for debts due by residents of this state.    *Charter Oak L. Ins. Co. v. Sawyer,* 44

Wis. 387; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940.

Counsel for respondent relies strongly upon *Duluth M. Co. v. Clancy,* 139 Wis. 189, 120 N. W. 854, and *Sprout, Waldron & Co. v. Amery M. Co.* 162 Wis. 279, 156 N. W. 158. We think these cases are clearly distinguishable from the instant case. In the *Duluth M. Co. Case* the goods were shipped by a resident of another state to his commission agent in Wisconsin, not in response to an order from the factory, but to be held as part of his stock of commission goods in Wisconsin, and it was held that the sale and delivery thereof by the commission agent was not a transaction of interstate commerce. A careful examination of the *Sprout, Waldron & Co. Case* will also show that it is not controlling in the instant case.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

SIEBECKER, J. (*dissenting*). When defendant gave plaintiff his note for $180.25 on January 23, 1913, the piano had been in Wisconsin in the possession of Procknow since July, 1912. Procknow received it from plaintiff at that time under a conditional sale contract whereby plaintiff retained a right to the title in the piano to secure the balance of the purchase price, which was payable in instalments evidenced by notes. In November, 1912, defendant bought and received possession of the piano from Procknow. There can be no dispute but that the piano at this time was in fact in Wisconsin and had become mingled with the mass of property of this state. Under these circumstances it had been completely removed from the channel of interstate commerce when defendant dealt with plaintiff in January, 1913. *Greek-American S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888. True, plaintiff still had an interest in the

piano to secure his interstate commerce debt and the right to enforce such debt. *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 129 N. W. 1096. But plaintiff did not do this. The facts of the case show that plaintiff agreed with defendant in January, 1913, to sell defendant its interest in the piano by a conditional sale contract which secured payment of the note in suit of $180.25, the amount unpaid on the sale to Procknow. This sale and transfer by plaintiff of its interest in the piano to defendant, after the piano had become Wisconsin property and had passed out of the channels of interstate commerce, is not in nature and substance the taking of security to insure payment of the original interstate commerce debt of Procknow, but is in fact an independent new obligation of a third person who is not connected with the original interstate commerce transaction. It was in all its essential features a sale of Wisconsin property negotiated in Wisconsin to a Wisconsin citizen. The obligation evidenced by this note is the separate individual obligation of defendant bottomed on the consideration defendant agreed to pay plaintiff for the sale of its interest in the piano in January, 1913. These circumstances and conditions of the transaction make the sale an intrastate contract, which cannot be enforced by the plaintiff for want of compliance by it with sec. 1770*b,* Stats. 1915, and the judgment of the circuit court should be affirmed.

VINJE, J. I concur in the foregoing opinion of Mr. Justice SIEBECKER.