UNITYPE COMPANY, Appellant, vs. SCHWITTAY, Respondent.

*January 7—February 4, 1919.*

*Foreign corporation not licensed in this state: Interstate commerce: Conditional sale: Substitution of new contract: Validity.*

1. A foreign corporation, not licensed to do business in Wisconsin, sold and delivered a unitype machine to a resident of this state under a conditional sale contract by the terms of which title was to be retained by the seller until the purchase price, for which notes were given, was fully paid. The purchaser died before the notes were all paid, and his widow continued his business and the use of the machine. Afterwards she and the seller entered into a new conditional sale contract with somewhat different terms, and she gave new notes, the old agreement being released and the unpaid notes of the deceased surrendered. *Held* that, the title to the machine never having passed and the substitution of the new contract being an ordinary incident of commerce, the interstate character of the whole transaction was not destroyed; and the notes given by the widow were valid and enforceable. *Sprout, Waldron & Co. v. Amery M. Co.* 162 Wis. 279, distinguished.
2. The facts that at the time of making the new contract the seller made a reduction in the balance due and that it then placed a new attachment on the machine did not alter the character of the transaction as an interstate sale.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

The plaintiff, a foreign corporation, which had never complied with the provisions of sec. 1770*b*, Stats., by filing a copy of its articles of incorporation with the secretary of state and therefore never had been licensed to do business in this state, and whose home office was in Brooklyn, New

York, sold in June, 1911, to one Albert E. Schwittay of Marinette, Wisconsin, a certain unitype machine, together with type material, all of which was shipped from New York and delivered at the city of Marinette. It was done under a conditional sale contract properly filed with the city clerk, by the terms of which the title to the unitype machine and the material was to remain in the plaintiff until the entire purchase price of $1,500 should be fully paid. The machine was set up by said Schwittay and used in the printing office conducted by him at Marinette. Schwittay made payments on account of the purchase price upon notes having been made by him for that purpose in sums of $28 per month in reduction of the principal sum and interest. He died January 19, 1913.

His widow, *Gertrude Schwittay*, the defendant and respondent herein, was duly appointed administratrix of the estate of her deceased husband by the county court, and September 1, 1913, was fixed as the last day to file claims. Plaintiff was notified by correspondence with the defendant of such proceedings and as to such time for filing claims but filed no claim. The printing business conducted by the husband was continued after his death by the defendant both before and after the settlement of the estate and the machine remained in the same place of business and was used during all that time as it had been before.

Between August, 1913, and December 13, 1913, negotiations were had between the plaintiff and defendant with reference to this machine. About December 13th it was agreed by plaintiff's agent, then at Marinette, and defendant that the plaintiff would reduce the balance still due on the purchase price of $1,153.12 to $1,000 and would place a new attachment, valued at about $50, upon the machine and would clean the same, and that the defendant would then pay the $1,000 by notes of $20 each, monthly thereafter, and that a new conditional sale contract should be made; and with the further understanding that the un-

paid notes of the deceased should be surrendered and the old conditional sale contract canceled. A written proposition to this effect, which omitted, however, any reference to the placing of the new attachment, the cleaning of the machine, or the surrender of the old notes and cancellation of the former sales agreement, was signed by *Mrs. Schwittay* and sent to the home office of the plaintiff for approval, as was required by the terms of this proposal, and was there approved on December 26th. Upon its return to Marinette plaintiff's agent caused it to be filed with the city clerk, received *Mrs. Schwittay's* notes, released the old agreement, and the unpaid notes of the deceased were surrendered. A number of these new notes were paid by defendant, and then after default was made by her as to seventeen of them this action was brought. The only defense interposed was that the notes were unenforceable by reason of plaintiff's failure to comply with sec. 1770*b*, Stats.

Both parties having moved for a direction of the verdict, the court made his findings of fact and conclusions of law, by the latter of which he determined that the sale of the machine with its attachment was doing business in the state of Wisconsin in violation of sec. 1770*b*, Stats., and that therefore the plaintiff's complaint should be dismissed and the notes signed by the defendant in payment for said machine be held void and returned to her, and judgment was ordered in accordance therewith, from which judgment the plaintiff has appealed.

For the appellant there was a brief by *Martineau, Evert & Martineau* of Marinette, and oral argument by *P. A. Martineau.*

For the respondent there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *Allan V. Classon.*

ESCHWEILER, J. The situation here is controlled and in favor of plaintiff by the decision in *Regina Co. v. Toynbee,* 163 Wis. 551, 158 N. W. 313. In that case a foreign un-

licensed corporation, under a conditional sale contract in substance like the one here, sold a piano to a resident of Wisconsin. He afterwards sold the piano to the defendant, who removed it to another town in Wisconsin. The vendor subsequently took from this third person notes to the exact amount unpaid on the original contract with a new and similar conditional sale contract. There was no release of the original contract. This court held that the title to the instrument never passed to any one in this state and that therefore the transactions there involved amounted to no more than the collection of the vendor's claim upon its own property and that such piano still remained an article of interstate commerce.

In the case at bar the plaintiff, while still holding title under the original interstate transactions, took new security therefor from the widow of the original vendee. The widow continued the possession and use of the machine, necessarily only under and in recognition of the original transaction. By such possession and use she may well be considered as no stranger to the original transaction and as a substitute merely for the one who could no longer carry it out. Such a substitution of security as was here made is well within the ordinary incidents of commerce and does not destroy the interstate character of the original transaction. *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 228, 129 N. W. 1096.

The distinction is clear between this case and that of *Sprout, Waldron & Co. v. Amery M. Co.* 162 Wis. 279, 156 N. W. 158, relied upon by defendant. There an original interstate conditional sale of a flouring mill had been completely canceled by the giving of a new machine in place thereof. The first machine was set aside and its use discontinued by the vendees, and it remained in Wisconsin some months thereafter but no longer in any manner under the original contract. It was then sold to another resident of Wisconsin by the vendor, and this new and entirely inde-

pendent sale was held to be within the ban of the statute here involved.

That there was a reduction made from the balance due no more alters the real substance of this transaction than would a similar reduction, if made in the lifetime of A. E. Schwittay, have affected the rights of plaintiff under the original sale.

Neither did the placing of the new attachment upon this machine at the time defendant gave her notes change the nature of the transaction. Clearly such an attachment, although placed on the machine in this state, is incidental and plainly germane to the sale. *York M. Co. v. Colley,* 247 U. S. 21, 38 Sup. Ct. 430; *S. F. Bowser & Co. v. Savidusky,* 154 Wis. 76, 142 N. W. 182; *Wolf Co. v. Kutch,* 147 Wis. 209, 214, 132 N. W. 981.

Looking at the real substance of the transaction, it is evident that the parties here were in effect completing and carrying out the original interstate sale of this machine and that therefore it was a lawful transaction binding and enforceable upon both parties.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff according to the prayer of the complaint.

SIEBECKER, J., dissents.