AMERICAN SLICING MACHINE COMPANY, Respondent, vs. JAWORSKI, Appellant.

*January 13—February 6, 1923.*

*Corporations: Non-licensed foreign corporation: Contracts: Validity: Interstate commerce: Burden of proof.*

1. Where plaintiff's agent in Minnesota, soliciting an order for a meat slicer from defendant in Wisconsin, brought the machine to defendant's shop the following day for demonstration and sold it to him, the transaction was one in interstate commerce, and the plaintiff corporation could recover without complying with sec. 1770*b*, Stats., requiring foreign corporations to be licensed to do business in this state.

2. The contract of a foreign corporation which has not complied with sec. 1770*b* is not void, but is voidable at the election of the opposite party.

3. Where defendant asserts the invalidity of the sale because of failure of the vendor corporation to procure a license under sec. 1770*b*, Stats., the burden rests upon him to prove such noncompliance with the statute.

APPEAL from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Affirmed.*

The plaintiff is a foreign corporation engaged in the business of manufacturing and selling machines for slicing meats used by butchers. One Pond was the plaintiff's agent, residing in the city of Duluth, Minnesota, and on Septem-

ber 21, 1921, discussed with the defendant the merits of plaintiff's machine, and as a result of the talk had between the parties, Pond, on September 22, 1921, brought a slicing machine with him from Duluth for the purposes of demonstration. Pond arrived at defendant's place of business about 10 o'clock in the forenoon, and after demonstrating it endeavored to sell the machine to the defendant, and about 3 or 4 o'clock in the afternoon the defendant signed an order for the machine, the purchase price of which was $325, signing with the order a note for $25 down payment, payable to Pond.

On the part of the defendant it was claimed that his signature to the order was secured by fraud; that it was represented to him that he was signing a receipt; and it also appears without dispute that on the due date of the note, when it was presented to him, he tore the note up and refused to pay it. The defendant, by an amendment to his answer, also alleges that the plaintiff was not licensed to do business within the state of Wisconsin, in accordance with sec. 1770b, Stats.

The trial began before a court and jury, but at the close of the testimony each of the parties moved for a directed verdict. Thereupon the jury was discharged and the court found that the plaintiff was a foreign corporation; that it had not complied with sec. 1770b, Stats.; that Pond, as employee of the plaintiff, had brought the machine into the state under the circumstances already stated; that the contract was signed by the defendant with full knowledge of its contents and of the terms and conditions thereof; that the full amount was due by reason of the failure of the defendant to pay the instalments as provided in the contract; and concluded as a matter of law that the transaction was one that the plaintiff company had a right to make without complying with sec. 1770b, Stats., and judgment was entered for the amount of the purchase price, with interest and costs, from which judgment the defendant appeals.

For the appellant there was a brief by *Wilson & Wilson* of Superior, and oral argument by *Henry C. Wilson.*

For the respondent there was a brief by *Pickering & Rieser* of Superior, and oral argument by *R. M. Rieser.*

ROSENBERRY, J. The defendant here urges several detailed errors as to admission and rejection of testimony. Many of these errors are not well assigned and they all become immaterial when the determination of all questions of fact was by the cross-motions for a directed verdict devolved upon the court.

It is further urged that the finding of the court to the effect that the contract was procured without fraud or misrepresentation on the part of Pond, the agent of the plaintiff, is against the clear weight or great preponderance of the evidence. We shall not attempt to restate the evidence. There is a clear conflict between the evidence given on behalf of the plaintiff and that offered on behalf of the defendant, and there are many collateral circumstances. We cannot say the findings of the court are against the clear preponderance of the evidence.

It is next urged on behalf of the defendant that the court having found that plaintiff had not complied with the provisions of sec. 1770*b*, Stats., which requires a foreign corporation, before transacting business in this state, to file its articles of incorporation in the office of the secretary of state and otherwise qualify itself, the contract is void. In respect to the contracts of foreign corporations which have not complied with sec. 1770*b*, sub. 10 provides:

"Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

American S. M. Co. v. Jaworski, 179 Wis. 634.

On behalf of the plaintiff it is urged, first, that the demonstration and sale of the machine was incident to the transaction of interstate commerce and, as the trial court held, it was therefore not necessary for the plaintiff to comply with the provisions of sec. 1770*b;* and second, that there is no evidence to sustain the finding to the effect that it did not comply with the statute.

Under the authority of *Regina Co. v. Toynbee,* 163 Wis. 551, 158 N. W. 313; *Unitype Co. v. Schwittay,* 168 Wis. 489, 170 N. W. 651; and *Phœnix N. Co. v. Trostel,* 166 Wis. 215, 164 N. W. 995, the trial court was right in holding that the transaction disclosed by the evidence in this case was one in interstate commerce. On the previous day Pond had solicited an order from the defendant and had procured the defendant's permission to bring a machine to Superior for the purposes of demonstration. There was and there is not claimed to be at this time an order for the goods. Pond returned to Duluth and the next day brought the machine in question with him from Duluth to Superior, and after demonstrating it for some three or four hours sold the machine to the defendant. There was no commingling of the goods brought in with the goods of the state; the machine was not brought here for the purpose of canvassing generally, but for the purpose of demonstration, and, if possible, making a sale pursuant to the understanding already had as stated.

Upon the question of whether or not the burden of proof rests upon the defendant in a case of this kind, we are of the opinion that it does.

Under our statutes the contract of a foreign corporation which has not complied with sec. 1770*b* is not void but is voidable, at the election of the opposite party. *Rib Falls L. Co. v. Lesh & Mathews L. Co.* 144 Wis. 362, 129 N. W. 595. The fact that the plaintiff corporation had failed to comply with sec. 1770*b* became, therefore, a matter of

defense, and the burden upon that proposition, as upon any other affirmative defense, rested with the defendant, and no inference arose that the corporation had not complied with the statute merely because it did not produce evidence that it had.  The finding of the trial court to the effect that the plaintiff had not complied with sec. 1770*b* rested entirely upon such an inference.  There was no evidence upon the subject either way.  Where the defendant chooses to set up the claim that the contract is void under the statute, the burden is upon him to establish the fact upon which the claim rests; that is, noncompliance with the statutes.  In this case the defendant failed to meet the burden; offered no evidence to sustain the allegations of his answer in that respect.  The contract is *prima facie* valid.  Upon plaintiff's second contention the judgment is also right, although the finding made by the trial court to the effect that the plaintiff corporation had not complied with the statute is not sustained.

*By the Court.*—Judgment affirmed.