KOPPERS COMPANY, Respondent, vs. CITY OF MILWAUKEE
and another, Appellants.

*November 9—December 7, 1926.*

*Taxation: Situs of income derived from contract by nonresident to
erect gas ovens in state: Interstate transactions.*

Plaintiff, a foreign corporation, at Pittsburgh entered into a con-
tract to erect three batteries of patented coke and gas ovens
in Wisconsin, agreeing to furnish the necessary materials and
engineering. The purchaser furnished the labor under the
supervision of plaintiff's technicians and experts. *Held,* that
the situs of the income derived from the entire contract was
not in Wisconsin (except as to certain conceded items), and
that the income arose from a transaction of interstate com-
merce, and was not subject to state income tax assessment.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought by plaintiff, a Pennsylvania cor-
poration, to recover income tax and surtaxes assessed for
1922 income and paid under protest in 1924.

In July, 1920, the plaintiff, as contractor, and the Mil-
waukee Coke & Gas Company, a Wisconsin corporation, as
purchaser, made a written contract at Pittsburgh, where
plaintiff had its chief office, for three batteries, each of
fifty, patented coke and gas ovens, for the agreed sum of
$2,239,208. This amount was afterwards reduced because
of the omission of one of such batteries, though some
$186,000 was paid as damages for such change; the total
payment being over $1,840,000.

Plaintiff was to furnish the necessary steel, castings,
equipment, material and apparatus, plans, drawings, and
engineering advice, erect certain chimneys or stacks each 200
feet high; the erecting of such chimneys of particular de-
sign and construction being done under a subcontract be-
tween the plaintiff and a Maryland corporation.

The purchaser had the option of requiring the plaintiff to perform the labor and incidentals for clearing the ground; building the concrete foundations; removing from the cars all the parts and material shipped from outside of Wisconsin; the erection and construction of the ovens. Such labor, however, was done by the purchaser and at a cost the amount of which was not shown, but requiring at times the employment of a large number of men.

Pursuant to contract and in order that the guaranty assumed by plaintiff as to the final result might be performed, plaintiff employed, during the progress of the work (from September 1, 1920, until May, 1922), an engineer and also an expert brickman to constantly oversee the erection of the chimneys and the construction of the ovens; such work being all of a highly specialized nature, requiring constant communication with plaintiff's head office, reporting progress, and revising and exchanging technical drawings.

The contract also provided that the purchaser had the right to call on plaintiff to furnish a large number of items of work equipment at specified rentals. The only articles, however, so rented were a shed or covering to protect the work and a typewriter.

Upon blanks furnished by the Wisconsin taxing officers, plaintiff's auditing department made a statement for income tax assessment purposes of the entire sales price or amounts received by plaintiff from the purchaser. It appeared uncontroverted in the record that in a large number of instances of similar contracts elsewhere the plaintiff did the entire construction and erection work as well as furnishing the materials rather than having such divided as was done here. The mistake of fact on the part of the auditing department was discovered by other officers of plaintiff prior to the payment of the income tax of $34,672.89 as assessed by the taxing officers upon the statement so ren-

dered. An involuntary payment under protest was made and defendant city received such amount on January 30, 1924.

Thereafter the plaintiff took due proceedings before the common council of defendant city to obtain a refund of said taxes, and after advice to that effect by the Wisconsin tax commission the claim was disallowed. This action was then commenced, and upon the trial it was held that a balance of $33,221.90, with interest from the time of its payment, was due from defendant city.

From the judgment defendants have appealed.

For the appellants there were briefs by *John M. Niven,* city attorney, and *Walter J. Mattison,* assistant city attorney, and oral argument by *Mr. Mattison.*

For the respondent there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison and *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *William Ryan, Eugene L. McIntyre,* and *T. J. Michie, Jr.,* of Milwaukee.

ESCHWEILER, J. There is no dispute as to questions of fact. The trial court found that the income derived by plaintiff from property located or business transacted within the state of Wisconsin during the period in question was from the following items only:

| | |
|---|---:|
| Rentals of shed and typewriter............. | $1,236 73 |
| On account of materials purchased and sold by plaintiff in Wisconsin................... | 9,674 60 |
| On account of the brick stacks............. | 10,147 73 |
| On account of the salary of engineer and expert brickman......................... | 4,784 80 |
| | $25,843 86 |

Upon such items but $1,450.94 was properly chargeable to plaintiff for income tax for the year 1922, under the method of computation agreed to by both parties.

The substance of appellants' contention is that under

sec. 71.01, Stats., the nonresident plaintiff properly had assessed against it, as being income derived from property located or business transacted within this state for said year, the entire contract price; that the entire tax so paid under protest was due under the theory that the transaction involved was a contract for the construction of an entire engineering project in the state of Wisconsin, and that therefore the situs of the income derived from the entire contract was in the state of Wisconsin rather than, as found by the court and as contended for by plaintiff (other than the items above specified and not now in dispute), in a transaction of interstate commerce and not subject to income tax assessment.

We are satisfied that the conclusion of the trial court was correct. It was a contract involving the furnishing of materials and parts to be worked into the construction of certain gas or coke ovens of special nature and under and pursuant to designs covered by letters patent owned and controlled by plaintiff; it involved highly specialized engineering skill; the drawing of many plans by the engineering force of plaintiff at Pittsburgh; constant revision and checking up on the same and on the progress of the work by the same office through reports of the local engineer; it involved the shipping into Milwaukee from outside the state of a large amount of prepared parts and of materials necessary and essential to be wrought into the construction of the ovens. The actual labor of putting together such parts and material so as to create the superstructure was done by the Milwaukee purchaser and not by the plaintiff.

No question is raised or could well be raised but that the plaintiff and the purchaser had the legal right to apportion between themselves such component parts of that which was necessary to be done to reach the final result.

When, under this contract as carried out, the plaintiff furnished the plans and designs for the erection of this

particular form of coke ovens, protected as to exclusiveness by letters patent, and such protection being guaranteed by plaintiff, and then delivered the necessary materials and parts for such ovens from without the state on board cars at Milwaukee, there was involved, up to that point, an interstate transaction. From then on began that which was to be done in Wisconsin and by the purchaser, subject only to the duty required of the plaintiff of constant technical supervision in order that the carrying out of the construction should follow with special and critical accuracy such plans and designs and the guaranteed result be reached,— it being conceded in this record that work of this kind could only be successfully done under constant supervision and inspection by persons of special skill and experience. Such technical inspection and supervision was a necessary incident to the completion of the interstate commerce shipment;— without it the purpose of such interstate transaction could not be performed in letter or spirit. In such inspection and supervision there was included no power of control or direction over the workmen employed and paid by the purchaser in doing the construction and erection. That plaintiff contracted as to the efficiency of the ovens when completed did not make it any the less an interstate transaction, or affect that which was required to be done by, and which was done and paid for by, the purchaser and through its own employees and under its own supervision.

The principle here involved is substantially the same as that dwelt upon by this court in *Pfaudler Co. v. Westphal,* 190 Wis. 486, 209 N. W. 700, where a number of authorities are considered, many of which are cited in the briefs here. It is also recognized in *Kansas City S. S. Co. v. Arkansas,* 269 U. S. 148, 46 Sup. Ct. 59.

The conclusions of the trial court are well supported by such cases as *Wolf Co. v. Kutch,* 147 Wis. 209, 214, 132 N. W. 981; *S. F. Bowser & Co. v. Savidusky,* 154 Wis. 76,

79, 80, 142 N. W. 182; and *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 228, 129 N. W. 1096.

The defendants therefore have no right to complain of the result reached below under the rule declared in *U. S. Glue Co. v. Oak Creek,* 161 Wis. 211, 218, 153 N. W. 241 (affirmed, 247 U. S. 321, 38 Sup. Ct. 499), separating income into its component parts, some with a situs for purposes of income tax assessment in this state and the others as being immune from local taxation because having a situs elsewhere.

*By the Court.*——Judgment affirmed.